# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS RHODES,

        Petitioner,               Case Number: 2:07-CV-14113

v.                                   HON. LAWRENCE P. ZATKOFF

TOM BELL,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner Dennis Rhodes, a state inmate currently incarcerated at the Boyer Road Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions on four counts of first-degree criminal sexual conduct. Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. For the reasons set forth below, the Court grants Respondent's motion.

## I.

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of four counts of first-degree criminal sexual conduct. On January 4, 2002, he was sentenced to four concurrent terms of fifteen to thirty years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Rhodes*, No. 239691 (Mich. Ct. App. Aug. 7, 2003). Petitioner filed an application for leave to appeal in the Michigan Supreme

Court, which denied leave to appeal. *People v. Rhodes*, No. 124555 (Mich. Jan. 27, 2004).

On July 27, 2006, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Rhodes*, No. 01-178533-FC (Oakland County Circuit Court July 27, 2006). Petitioner filed applications for leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court. Both Michigan appellate courts denied leave to appeal. *People v. Rhodes*, No. 273152 (Mich. Ct. App. April 27, 2007); *People v. Rhodes*, No. 133894 (Sept. 10, 2007).

On September 26, 2007, Petitioner filed the pending petition for a writ of habeas corpus. Respondent has filed a Motion for Summary Judgment.

## II.

As an initial matter, Petitioner has filed a Motion for Appointment of Counsel and Motion for Evidentiary Hearing.

There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel.

Petitioner also has filed a Motion for Evidentiary Hearing. He requests an evidentiary hearing to develop a factual record regarding his claims of ineffective assistance of trial and

appellate counsel. Rule 8, Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part:

> [A]fter the answer and the transcript and record of state court proceedings are filed, [the Court] shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

As discussed below, the Court finds that the petition was not timely filed. Therefore, an evidentiary hearing regarding the merit of Petitioner's claims is not warranted.

### III.

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on January 28, 2004, the day after the Michigan Supreme Court denied leave to appeal his conviction. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing

Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on April 25, 2004. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on April 26, 2004. Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by April 26, 2005, to comply with the one-year limitations period.

Petitioner filed a motion for relief from judgment in the trial court. However, he did not do so until July 27, 2006, over one year after the limitations period already expired.

Petitioner argues that the limitations period should be equitably tolled because the Michigan Department of Corrections prevented him from earlier filing his motion for relief from judgment in the trial court. Petitioner contends that another inmate, Harold Staffnet, was aiding him in the preparation of his motion for relief from judgment, when Staffnet was transferred to another facility. According to Petitioner, Staffnet had possession of Petitioner's trial transcripts and other, unspecified legal documents when he was transferred. Petitioner notified the deputy warden on January 25, 2005, that he needed to obtain those documents from Staffnet. Petitioner states that the trial transcripts and other legal documents were not returned to him until June 7, 2006.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), citing *Dunlap v. United*

4

*States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit Court of Appeals has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001).

A petitioner may commence post-conviction proceedings even without the benefit of the trial court transcript. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002). *See also Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir.2002) ( "[T]he state court's delay in furnishing the petitioner with the transcript did not establish a basis for equitable tolling."); *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir.2002) ("[T]he unavailability of a transcript does not allow equitable tolling to excuse an otherwise untimely petition."); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (holding that possession of transcript is not a "condition precedent" to filing of a state post-conviction motion). Accordingly, the unavailability of Petitioner's trial transcript does not excuse the late filing of his petition.

Petitioner also claims that a "Motion for Guidance and/or Notice" which he purportedly sent to this Court on January 28, 2005, should toll the limitations period. The Motion, a copy of which is attached to the petition, advises the Court that Petitioner is aware that the time for filing a timely habeas corpus petition expires on or about January 31, 2005, and that he has been unable to obtain documents in the possession of another prisoner. The Court docket reflects no record of this motion. Even assuming that the document was submitted as Petitioner's claims it was, Petitioner's failure to act for over one year after receiving no response to this motion, in light of his admitted awareness

that the limitations period would soon expire, evidences a lack of diligence rendering equitable tolling unwarranted.

**IV.**

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [dkt. #7] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [dkt. #3] and Motion for Evidentiary Hearing [dkt. #2] are **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 15, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290