# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS RHODES,

    Petitioner,        Case Number: 2:07-CV-14113

v.                HON. LAWRENCE P. ZATKOFF

TOM BELL,

    Respondent.
_____/

## ORDER DENYING
## CERTIFICATE OF APPEALABILITY and MOTION FOR
## LEAVE TO PROCEED IN FORMA PAUPERIS

   This matter is before the Court on Petitioner's: (1) Motion for Certificate of Appealability (Docket #15), and (2) Motion for Leave to Proceed in Forma Pauperis (Docket #14). For the reasons set forth below, Petitioner's motions are DENIED.

## I. BACKGROUND

   On September 15, 2008, the Court entered an Opinion and Order granting Respondent's Motion for Summary Judgment and dismissing Petitioner's petition for writ of habeas corpus because it was filed after the one-year statute of limitation periods within which he was required to file his petition. *See* 28 U.S.C. § 2244(d)(1)(A). Moreover, the Court concluded that Petitioner did not establish any of the five factors the Sixth Circuit has identified as entitling a petitioner to equitable tolling of the one-year statute of limitations period. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citation omitted).

## II. ANALYSIS

**A.     Certificate of Appealability**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. Having considered the matter, the Court concludes (1) Petitioner has failed to make a substantial showing of the denial of a constitutional right, and (2) a certificate of appealability is not warranted in this case.

**B.	In Forma Pauperis**

The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which only requires a showing that the appeal is not frivolous. *See Foster*, 208 F. Supp. 2d at 764 (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)).  For the reasons set forth above (namely, that Petitioner's claim is time barred), the Court finds that the issues presented by Petitioner's appeal are frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999); Fed. R. App. P. 24(a).  Accordingly, Petitioner's Motion for Leave to Proceed in Forma Pauperis on appeal is DENIED.

### III.  CONCLUSION

For the reasons set forth above, the Court hereby DENIES Petitioner's: (1) Motion for Certificate of Appealability, and (2) Motion for Leave to Proceed in Forma Pauperis.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  December 23, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 23, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290