UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS DOYLE RHODES,

    Petitioner,

        CASE NO. 2:07-CV-14113
v.        JUDGE LAWRENCE P. ZATKOFF
        MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS K. BELL,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Dennis Doyle Rhodes is a state prisoner, currently confined at the Carson City Correctional Facility in Carson City, Michigan.

    2.    On November 27, 2001, petitioner was convicted of four counts of first degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, following a jury trial in the Oakland County Circuit Court. On January 4, 2002, he was sentenced to a term of concurrent terms of 15-30 years' imprisonment.

    3.    Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

    I.    THE SENTENCING GUIDELINES WERE INCORRECTLY CALCULATED AND DEFENDANT DENNIS RHODES WAS IMPROPERLY PUT INTO THE HIGHER AND INAPPROPRIATE

      CATEGORY OF C-V RATHER THAN C-IV, THE SENTENCING JUDGE REVERSIBLY ERRED IN USING THE HIGHER CLASSIFICATION AND IN SENTENCING DENNIS RHODES TO FOUR TERMS OF FIFTEEN TO THIRTY YEARS IN PRISON.

  II.  DEFENSE COUNSEL WAS INEFFECTIVE AND DENIED DEFENDANT DENNIS RHODES A FAIR SENTENCING BECAUSE COUNSEL CONCEDED THAT THE GUIDELINES SCORING WAS ACCURATE AND FAILED TO MAKE AN APPROPRIATE OBJECTION, DESPITE THE VIOLATION OF THE GUIDELINES INSTRUCTIONS IN THE SCORING.

Petitioner also filed a *pro se* supplemental brief raising one additional claim:

  III.  MR. RHODES WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL, CONST 1963, ART 1, SEC 20; US CONST, AMENDS VI AND XIV, AND MUST BE GRANTED A NEW TRIAL.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Rhodes*, No. 239691, 2003 WL 21871530 (Mich. Ct. App. Aug. 7, 2003) (per curiam).

    4.  Petitioner, proceeding *pro se*, sought leave to appeal these three issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Rhodes*, 469 Mich. 1000, 675 N.W.2d 594 (2004).

    5.  Petitioner thereafter filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising claims of ineffective assistance of counsel, improper sentencing, and judicial bias. On August 7, 2006, the trial court denied petitioner's motion for relief from judgment on the basis of his failure to establish good cause for his failure to raise the claims on direct appeal, as required by MICH. CT. R. 6.508(D)(3). *See People v. Rhodes*, No. 01-178533-FC (Oakland County, Mich., Cir. Ct. Aug. 7, 2006). The Michigan Court of Appeals and Michigan Supreme Court denied petitioner's applications for leave to appeal in standard orders, based on petitioner's "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

*People v. Rhodes*, 480 Mich. 856, 737 N.W.2d 728 (2007); *People v. Rhodes*, No. 273152 (Mich. Ct. App. Apr. 27, 2007).

      6.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on September 28, 2007. As grounds for the writ of habeas corpus, he raises the following claims:

> I. TRIAL COUNSEL JACK L. JAFFE VIOLATED THE SIXTH AMENDMENT BY FAILING TO CONDUCT AN ADEQUATE PRETRIAL INVESTIGATION AND PREPARATION OF THE CASE; TO INTERVIEW POTENTIAL DEFENSE WITNESSES INCLUDING EXPERT WITNESSES DEPRIVING PETITIONER RHODES OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND OF A DEFENSE AND A FAIR TRIAL IN VIOLATION OF V, VI, AND XIV AMENDMENTS RIGHTS OF THE UNITED STATES CONSTITUTION.
>
> II. DID OAKLAND COUNTY CIRCUIT JUDGE GENE SCHNELZ PERSONAL BIAS [sic] AND/OR PREJUDICED FEELING TOWARDS TRIAL COUNSEL JACK JAFFE CONSTITUTE A CONFLICT OF INTEREST, THUS CAUSING MR. JAFFE TO TRY TO MAINTAIN [A] LOW PROFILE DURING PRE-TRIAL AND TRIAL THUS DEPRIVING MR. RHODES OF HIS VI AND XIV AMENDMENTS RIGHTS OF THE UNITED STATES CONSTITUTION AND THE MICHIGAN CONSTITUTION 1963, ARTS 1, AND 7, §§ 17, 20.

      7.    On September 15, 2008, the Court granted respondent's motion for summary judgment, concluding that petitioner's application was untimely. On December 8, 2009, the Sixth Circuit reversed and remanded the matter to this Court.

      8.    Respondent filed his answer on May 27, 2010. He contends that petitioner's claims are barred by petitioner's procedural default in the state courts.

      9.    Petitioner filed a reply to respondent's answer on June 11, 2010.

B.    *Factual Background Underlying Petitioner's Conviction*

      Petitioner's conviction arises from the sexual assault of his then eight-year-old daughter. The evidence adduced at trial was accurately summarized in petitioner's brief on direct appeal in

the Michigan Court of Appeals:

> [The victim] testified that she was eight years old and in the third grade. She lived with her mother, Heather Lawrence, and visited her father, Defendant Dennis Rhodes, "At Grandma's house" on weekends. At the house of Mr. Rhodes's parents, [the victim] and Dennis Rhodes slept on a bunk bed in Rhodes's room, with [the victim] in the bottom bed and her father in the top. [The victim] said that Mr. Rhodes touched her on the inside part of the body where she wiped herself after going to the bathroom and that he touched her both with his fingers and with the part of his body that he used to go to the bathroom. She was on the bunk bed when it happened. Also, a touching with his fingers and penis had "happened in Grandpa's room" when she was seven years old and the weather was cold. Her grandparents were at home when the incidents happened. [The victim] eventually told her mother about what Dennis Rhodes had done because she "didn't want to keep any more secrets." At a confrontation at her mother's house, she told Mr. Rhodes to stop touching her.
>
> Heather Lawrence testified that her relationship with Dennis Rhodes "was brief" but he was [the victim's] father. Mr. Rhodes paid child support and she and Rhodes had joint custody of Tiffany. He had Tiffany on alternate weekends and holidays and one week in the summer. At the end of February of 2001, [the victim] told her mother that Mr. Rhodes had been touching her private parts with his fingers. At a meeting at the Lawrence house several days later and in front of Heather Lawrence and her ex-husband, [the victim] said to Dennis Rhodes, "Please stop." The next evening [the victim] told her mother for the first time that Mr. Rhodes had "us[ed] his privates on her privates."
>
> Doctor Gaiti Bakhsh examined [the victim] at the St. John's Hospital Emergency Room on February 24, 2001. Dr. Bakhsh stated that [the victim's] genital area was "unremarkable" and that there was no medical evidence of sexual penetration.
>
> Valencia Hunter of the State Police testified that she interviewed Dennis Rhodes. Mr. Rhodes denied touching [the victim's] vaginal area with his fingers or penis. After Hunter confronted Rhodes he admitted that his fingers had accidentally touched [the victim's] vagina while he was giving her a bath and that one time she ran into the kitchen and jumped on him and hugged him when he had an erection, which caused his penis to touch her.
>
> The jury found Dennis Rhodes guilty as charged of four counts of first-degree CSC for two digital and two penile penetrations.

Def.-Appellant's Br. on App., in *People v. Rhodes*, No. 239691 (Mich. Ct. App.), at 1-2 (citations

to trial transcript and footnote omitted).

C.   *Procedural Default*

Respondent first contends that petitioner's claims are barred by petitioner's procedural

default in the state courts, because petitioner failed to raise these claims on direct appeal. The Court should agree.

    1.    *Default*

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris*, 489 U.S. at 263. Furthermore, "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review . . . of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)); *see also*, *Calderon v. United States Dist. Ct. for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotation omitted) ("For the procedural default doctrine to apply, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.").

Here, petitioner first presented his purportedly defaulted habeas claims in his motion for relief from judgment. Michigan Court Rule 6.508, governing motions for relief from judgment, provides that the movant "bears the burden of establishing entitlement to relief." MICH. CT. R. 6.508(D). The rule goes on to provide, in three separately numbered paragraphs, procedural situations in which relief will not be granted: (1) where an appeal relating to the conviction is pending; (2) where the claim has already been ruled upon in a prior appeal or postconviction motion;

and (3) where the claim could have been raised in a prior appeal or postconviction motion but was not. *See* MICH. CT. R. 6.508(D)(1)-(3). The Michigan Court of Appeals and the Michigan Supreme Court both rejected petitioner's appeal based on his "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." In *Simpson v. Jones*, 238 F.3d 399 (6th Cir. 2000), the court held that this identical language constitutes an invocation of the procedural aspects of Rule 6.508(D), and thus bars federal habeas review. *See Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000). However the en banc Sixth Circuit has recently rejected this rule, holding that the form orders used by the Michigan courts constitute unexplained orders which are ambiguous as to whether a procedural bar is being invoked, and thus a federal habeas court must "look through" these orders to the last reasoned state court judgment to determine if the claims are barred. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Looking through the appellate court orders, it is clear that the trial court denied relief on the basis of the procedural bar in Rule 6.508(D)(3). The trial court explained that Rule 6.508(D)(3) prohibits relief on a claim which could have been raised on direct appeal but was not, and further set forth the good cause and actual prejudice standard permitting review of such a claim. The court then concluded that petitioner "failed to satisfy the good cause prong of the two-part standard of MCR 6.508(D)(3). *See People v. Rhodes*, No. 01-178533-FC, at 3 (Oakland County, Mich., Cir. Ct. Aug. 7, 2006). Thus the trial court, the last state court to issue a reasoned decision on the matter, clearly invoked the procedural bar of Rule 6.508(D)(3) in denying petitioner's claims.

This conclusion is not altered by the fact that petitioner did raise an ineffective assistance of counsel claim on direct appeal in his *pro se* supplemental brief. In that claim, petitioner argued that counsel was ineffective for failing to cross-examine witnesses with inconsistencies between

6

their trial and preliminary examination testimony, and in failing to interview or call various witnesses who were friends or family members. The procedural bar of Rule 6.508(D)(3) would not prevent the consideration of these ineffective assistance of counsel claims, even if invoked by the trial court, because they were raised and exhausted on direct appeal. However, petitioner does not present these claims here. Rather, his habeas petition contends that counsel was ineffective for failing to investigate other witnesses and evidence that would have called into question the credibility of the victim's mother, for failing to call the intake nurse at the hospital, for failing to conduct research on how misleading suggestions from parents can affect a child's memory, and for failing to call expert witnesses to testify how sexual abuse allegations develop within the context of a child custody proceeding. In his second claim, petitioner contends that counsel had a conflict with the trial judge, which amounted to both ineffective assistance of counsel and judicial bias. Although petitioner raised an ineffective assistance claim on direct appeal, that claim did not encompass any of the ineffective assistance claims raised here. "[T]o the extent that an ineffective assistance of counsel claim is based upon a different allegedly ineffective action than the claim presented to the state courts, the claim has not been fairly presented to the state courts." *Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003); *see also*, *Kelley v. Secretary for Dep't of Corrections*, 377 F.3d 1317, 1344 (11th Cir. 2004) ("[T]o preserve a claim of ineffective assistance of counsel, the habeas petitioner must assert this theory of relief and transparently present the state courts with the specific acts or omissions of his lawyers that resulted in prejudice."); *Jones v. Schriro*, 450 F. Supp. 2d 1047, 1063 (D. Ariz. 2006) ("Allegations of ineffective assistance of counsel constitute separate claims, each of which must be exhausted in state court.").

Accordingly, federal habeas review of petitioner's claims is barred unless petitioner can meet

one of the two exceptions to the procedural default doctrine.

    2.    *Cause and Prejudice*

The first exception to the procedural default rule is the cause and prejudice exception. Under this exception, review of an otherwise barred claim is allowed if petitioner is able to demonstrate cause for, and prejudice attributable to, his default. *See Coleman*, 501 U.S. at 750; *Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). To establish "cause," petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also*, *Coleman*, 501 U.S. at 753. Here, petitioner has not identified, and the state court records do not reveal, any objective factor external to the defense which prevented petitioner or his counsel from raising his claims on direct appeal.

The only arguable basis for cause–which petitioner does not in fact argue–would be appellate counsel's failure to raise these claims on direct appeal. But while constitutionally ineffective assistance of counsel may constitute cause to excuse a procedural default, *see Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray*, 477 U.S. at 488, appellate counsel's failure to raise petitioner's habeas claims on direct appeal cannot constitute cause here, because petitioner has not exhausted any ineffective assistance of appellate counsel claim. As the Supreme Court has observed, "in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to establish cause. *Edwards*, 529 U.S. at 451 (citing *Murray*, 477 U.S. at 488-89). In order to constitute cause, however, counsel's performance must amount to ineffective assistance of counsel under the Sixth Amendment. *See id*. "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an

independent constitutional claim." *Id*. For this reason, the ineffective assistance claim which is asserted as cause must itself be both exhausted, *see id*. at 451-52 (discussing *Murray*, 477 U.S. at 489), and not procedurally defaulted, *see id*. at 452-53.

Here, petitioner has never presented, in any fashion, a claim that his appellate counsel was ineffective for failing to raise these claims on direct appeal. Petitioner's motion for relief from judgment in the trial court did not so much as mention any ineffectiveness by appellate counsel, nor did his appellate briefs in the Michigan Court of Appeals and Michigan Supreme Court. An ineffective assistance of appellate counsel claim, therefore, has not been exhausted, and cannot be used as a basis to establish cause to overcome his procedural default. *See Lott v. Coyle*, 261 F.3d 594, 608-09 (6th Cir. 2001). Because petitioner must establish both cause and prejudice, his failure to establish cause makes it unnecessary to consider the prejudice issue. *See Hargrave-Thomas v. Yukins*, 374 F.3d 383, 389 (6th Cir. 2004); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

   3. *Fundamental Miscarriage of Justice*

Under a second exception, known as the "fundamental miscarriage of justice" exception, petitioner can still have his procedurally barred claims reviewed if he can show that the constitutional errors he alleges "'ha[ve] probably resulted in the conviction of one who is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Murray*, 477 U.S. at 496); *accord Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). "[T]o establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (internal quotation omitted)); *accord Kuhlmann*, 477 U.S. at 455 n. 17 (citation omitted).

Here, petitioner does not present any new reliable evidence that he is factually innocent of

the charges against him. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Thus, he has failed to establish that application of the procedural bar will result in a miscarriage of justice.

D.      *Recommendation Regarding Certificate of Appealability*

      1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999)

(quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id*., advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either

11

grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2.    *Analysis*

Here, if the Court accepts my conclusion that petitioner's claims are procedurally defaulted, the Court should also deny petitioner a certificate of appealability. As explained above, it is clear that the specific ineffective assistance of counsel claims raised by petitioner were not raised in the state courts until petitioner's motion for relief from judgment. And it is likewise clear that, with respect to these claims, the trial court invoked the procedural bar of Rule 6.508(D)(3). Thus, the conclusion that petitioner's claims are defaulted is not reasonably debatable. Further, petitioner has pointed to no evidence establishing cause or his actual innocence, and thus the conclusion that the court may not consider petitioner's defaulted claims is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability.

E.    *Conclusion*

In view of the foregoing, the Court should conclude that review of petitioner's claims is barred by his procedural default in the state courts, and that petitioner has failed to establish either cause and prejudice or actual innocence to overcome the default. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                  s/Paul J. Komives
                                  PAUL J. KOMIVES
                                  UNITED STATES MAGISTRATE JUDGE

Dated:4/13/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on April 13, 2011.

                        s/Eddrey Butts
                        Case Manager